Mr. Marvin J. Titzman Executive Director Texas Surplus Property Agency P.O. Box 8120 San Antonio, Texas 78208
Re: Validity of Appropriations Act rider requiring reimbursement to the General Revenue Fund for workers' compensation benefits paid to certain employees
Dear Mr. Titzman:
You ask about the validity of the following Appropriations Act rider:
 a. At the close of each calendar quarter, the Workers' Compensation Division of the Attorney General's Office shall prepare a statement reflecting the amount of workers' compensation payments paid to all former and current state employees and present it to the Comptroller of Public Accounts.
 The heads of state agencies, institutions, departments, commissions, boards, divisions, or other units of state government are directed to determine the proportionate amount of the reimbursement or payment due from funds other than General Revenue Funds and to present the Comptroller of Public Accounts a purchase or transfer voucher requesting reimbursement from such funds to general revenue. Such transfers and payments as are authorized under law shall be made with thirty (30) days from receipt of the statement of payments due. The Comptroller of Public Accounts may prescribe accounting procedures and regulations to implement this section.
 b. An agency, institution, department, commission, board, division, or other unit of state government is authorized to allocate funds to a revolving account created on its books to receive contributions from funds other than general revenue based on a percentage-of-payroll assessment to be determined by such unit of government for the purpose of reimbursing the General Revenue Fund for workers' compensation claims paid.
 c. The State Auditor shall review in his audit of respective agencies compliance with the provisions of this section.
Acts 1985, 69th Leg., ch. 980, art. V, § 60, at 7791. That rider implements a more general rider, which provides:
 It is the intent of the Legislature that unless otherwise restricted payment for salaries, wages, and benefits paid from appropriated funds shall be proportional to the source of funds.
Acts 1985, 69th Leg., ch. 980, art. V, § 72, at 7794.
The Attorney General's Office makes workers' compensation payments to state employees out of an appropriation from general revenue. Acts 1985, 69th Leg., ch. 980, art. I, § 23, at 7332. See V.T.C.S. art. 8309g, § 3 (attorney general's office administers workers' compensation program for state employees). The rider set out above deals with workers' compensation payments made to state employees whose salaries and other benefits are paid from funds appropriated from some fund other than general revenue. The rider requires any such other fund to reimburse the general revenue fund for workers' compensation payments made to a state employee whose payment and benefits come from such other fund. If the salary and benefits of a state employee who receives workers' compensation payments are paid only in part from a fund other than general revenue, that other fund must reimburse general revenue in proportion to the amount of the employee's salary and benefits that the other fund pays.
A rider to an appropriation bill may detail, limit, or restrict the use of funds appropriated therein. Attorney General OpinionJM-343 (1985). A rider may not, however, repeal, modify, or amend an existing general law. Id. The rider you ask about merely details the way appropriated funds are to be used, and it does not conflict with the general law regarding workers' compensation payments to state employees. See V.T.C.S. art. 8309g. Therefore, it is a valid rider.
We note, however, that riders affect only appropriations made in the Appropriations Act. Acts 1985, 69th Leg., ch. 980, art. V, at 7729. The Texas Surplus Property Agency receives no appropriation under the current Appropriations Act. See Acts 1985, 69th Leg., ch. 980, at 7496-7499 (recapitulation of appropriations made to executive and administrative departments and agencies). Therefore, the rider you ask about does not control the transfer of funds from your agency. But see Attorney General OpinionJM-479 (1986) (money collected by the Surplus Property Agency must be deposited in the state treasury and appropriated by the legislature before it may be expended). Cf. Attorney General Opinion JM-417 (1985) (reimbursement requirement to general revenue fund for state retirement contributions or salaries paid from federal or private grants).
You also ask whether the Texas Surplus Property Agency may purchase workers' compensation insurance. The legislature requires that the state be a self-insurer. V.T.C.S. art. 8309g, § 2. Therefore, a state agency may not purchase workers' compensation insurance. Attorney General Opinion H-681 (1975). The Texas Surplus Property Agency is a state agency. Attorney General Opinion JM-445 (1986). Therefore, the Texas Surplus Property Agency may not purchase workers' compensation insurance.
Apparently you ask whether a state agency may purchase workers' compensation insurance because you assume that a state employee could not receive workers' compensation payments if the fund that pays his salary and benefits were insufficient to pay a workers' compensation claim. See art. 8309(g) (providing for workers' compensation benefits for state employees). That assumption is incorrect. As we pointed out before, all workers' compensation payments to state employees are made out of money appropriated to the attorney general's office for the purpose. The source of that money is the general revenue fund. The rider that you ask about merely requires other funds to reimburse the general revenue fund for workers' compensation payments already paid by this office. It does not change the fact that, unless specifically exempted, all state employees are entitled to workers' compensation benefits under article 8309g. See V.T.C.S. art. 8309g, § 1(2) (exemptions). We do not read the rider as attempting to change article 8309g. If it did attempt to do so, it would be an invalid attempt to amend general legislation. Therefore, although the rider in question may cause a state agency or other unit of state government to be accountable to general revenue, it does not exclude any state employee from coverage under article 8309g.
 SUMMARY
A rider that requires other funds to reimburse the general revenue fund for workers' compensation payments is valid. That rider does not affect the Texas Surplus Property Agency. A state agency has no authority to purchase workers' compensation insurance. Unless specifically exempted, all state employees are eligible for workers' compensation benefits under article 8309g, V.T.C.S.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Jack Hightower First Assistant Attorney General
 Mary Keller Executive Assistant Attorney General
 Robert Gray Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Sarah Woelk Assistant Attorney General